**CARTER, et ux v. SOUTHERN BELL TEL. & TEL. CO.**
No. 79-660 CA.
Circuit Court, Duval County.
September 28, 1979.

Ronald S. Cohen of Proctor & Cain, Jacksonville, for the plaintiffs.

George D. Gabel, Jr., Michael D. Whalen and Harold B. Wahl of Wahl & Gabel, Jacksonville, for the defendant.

RALPH W. NIMMONS, Jr., Circuit Judge.

*Summary final judgment for defendant:* Plaintiffs, Fletcher W. Carter, hereinafter referred to as "Carter," and Willie Mae Carter, have sued defendant, Southern Bell Telephone and Telegraph Company, hereinafter referred to as "Southern Bell," for alleged negligence in allegedly creating a dangerous and hazardous condition by leaving one end of a telephone line on the ground. Southern Bell has filed a motion for summary judgment in its favor. The undisputed facts are summarized in the following paragraphs.

a. On April 12, 1978, plaintiff, Fletcher W. Carter, parked his truck on Franklin Street adjacent to the 21st Street Liquors. Carter was making a regular delivery of notions and sundries to the liquor store. He stepped out of his truck with boxes and jars in each hand and onto the ground. After he took a step or two he tripped on a telephone wire that was on the ground and fell.

b. Some time on April 10 or 11, 1978, one of the construction people working on the street, none of whom were connected with or employed by the defendant, Southern Bell, had bumped with a back-hoe into the telephone pole to which the wire was attached, and caused the pole to lean somewhat so that the wire drooped some as it spanned the street.

c. Some time between 10 and 11 P. M. on April 11, 1978, a semi-truck and trailer, which was neither owned nor operated by the defendant, struck the wire and knocked it to the ground.

d. When O'Neal Roberts, Jr. (hereinafter referred to as "Roberts"), an employee of 21st Street Liquors, came to work the morning of April 12, 1978, he saw the telephone wire hanging from the pole and lying in the street beside the liquor store. He picked up the telephone line and placed it in the sand near the curb. Three or four hours later Carter tripped and fell on the wire where Roberts had placed it.

e. The undisputed facts are that the acts causing (1) the telephone pole to be bumped by the back-hoe, (2) the line to be torn from the pole by the semi-truck and trailer and (3) the line to be

placed in the position in the sand where plaintiff tripped over it, were all done by persons having absolutely no connection with the defendant. The record is also clear that, prior to the accident, the defendant had no notice whatsoever of any of said acts or of the fact that the line was down. The subject line was not energized, it being a line servicing a home the occupants of which had not requested service when they moved into said home; and the defendant's equipment could not have detected the problem since it involved a non-working line.

f. There is absolutely no evidence of negligence on the part of defendant either in causing the condition of the dangling line or in allowing it to exist. To hold defendant responsible for the subject accident would be imposing upon defendant the duty of an insurer. The law is clear that a telephone company is not an insurer and will be required to respond in damages only where it has been guilty of negligence. 74 Am. Jur. 2d, *Telecommunications* §38.

A review of the entire record herein, including the depositions, pleadings, affidavits and answers to interrogatories, show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law.

It is therefore adjudged —

1. That the aforesaid motion of defendant for summary judgment is granted.

2. That summary judgment is granted in favor of the defendant, Southern Bell Telephone and Telegraph Company and against the plaintiff, Fletcher W. Carter and Willie Mae Carter, and said defendant shall go hence without day.

3. That the court reserves jurisdiction to award costs upon motion therefor.